IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN D. SCOTT                                                              PLAINTIFF

v.                                          CASE NO. 6:09-cv-6079

BLAKE BASTON,
Prosecuting Attorney, Clark County;
RHONDA WARE,
Probation Officer, Clark County;
ROBERT McCALLUM,
Circuit Judge, Clark County                                              DEFENDANTS

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at the Pine Bluff Unit of the Arkansas Department of Corrections, at Pine Bluff, Arkansas, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Doc. 2). Plaintiff did not pay the filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP"). (Doc. 1).

The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to section 1915A.

I.      BACKGROUND

Plaintiff states he was serving a five year term of probation when he was arrested on September 28, 2008, for a new felony charge. Following this arrest he states he was not given a probation revocation hearing until August 7, 2009. He alleges the new felony charge was dismissed and his probation was revoked on August 7, 2009. Plaintiff asserts all of the named Defendants, the Clark County, Arkansas, Prosecuting Attorney, the Clark County, Arkansas Circuit Judge, and his probation officer, should all have ensured that

-1-

he was given a hearing on the probation violation within a reasonable time.

## II.   DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Although federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). *See also, Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution.  *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County,* 954 F.Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution

or laws of the United States. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's complaint in this case names only persons who are immune from suit as defendants.

Defendant Baston is the attorney prosecuting Plaintiff's state criminal case.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.   *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity in this case.  *See Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff's complaint seeks injunctive relief against the prosecuting attorney, this relief is not cognizable in this case.  While the Supreme Court has not held that prosecutors are immune from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff seeking such relief must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff does not allege such in this case.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *See id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).  Clearly, Plaintiff has adequate remedies available to him through the state appellate courts.

As to Defendant Ware, Plaintiff's probation officer, probation officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process. *Copus v. City of Edgerton,* 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir.1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports);

*Evans v. Dillahunty,* 711 F.2d 828, 831 (8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity.).

Finally, as to Defendant McCallum, the presiding judge in Plaintiff's state criminal case, judges are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint in this case that neither exception applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309©), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff does not allege that either of these prerequisites for injunctive relief are met. Thus, to the extent Plaintiff seeks injunctive relief his claims are subject to dismissal. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege

that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *See Pulliam*, 466 U.S. at 542 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *See Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate). Here Plaintiff had an adequate remedy at law, namely direct appeal of the probation revocation order, and is not entitled to equitable relief.

### III.   CONCLUSION

Accordingly, I recommend the following: (1) the Motion to Proceed IFP (Doc. 1) be **DENIED**; and (2) Plaintiff's Complaint (Doc. 2) be **DISMISSED** as it fails to state a claim under Section 1983. I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

Having filed this action, Plaintiff remains liable for the filing fee. *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (Even if the petition is dismissed, the full filing fee is still assessed because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal.) For this reason, I further recommend the clerk of the court be directed to collect the $350.00 filing fee from the Plaintiff.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to**

file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

     **DATED** this **28th day of January 2010.**

/s/ Barry A. Bryant
HON.  BARRY A.  BRYANT
U.S. MAGISTRATE JUDGE